849 F.2d 609
 47 Empl. Prac. Dec. P 38,105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
v.
MID-SOUTH AUTOMOBILE CLUB, Defendant-Appellant.
 No. 87-5806.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1988.
 
 Before KRUPANSKY, and DAVID A. NELSON, Circuit Judges, and BARBARA HACKETT,* District Judge.
 PER CURIAM.
 
 
 1
 The United States District Court for the Western District of Tennessee found that defendant Mid-South Automobile Club had been guilty of racial discrimination in denying a promotion to Carolyn Vaughn, one of its employees. Because of this discriminatory act, Ms. Vaughn remained in a job that was subsequently abolished for economic reasons. The job to which Ms. Vaughn had been denied promotion was not abolished. The question presented is the scope of relief to which Ms. Vaughn is entitled under these circumstances.
 
 
 2
 The district court ordered that Mid-South (a) start paying Ms. Vaughn at the rate of pay she would have earned in the higher position, (b) put her in a job of that character when one became available, and (c) pay her backpay for the period from the denial of the promotion to the date of judgment. The amount of the backpay was calculated on the basis of what Ms. Vaughn would have received if she had not been denied promotion, giving credit for the amount she actually received while she remained in the lower paying job.
 
 
 3
 Mid-South argues that the district court abused its discretion in ordering anything more than payment of the salary differential from the time Ms. Vaughn was denied promotion to the time her job was abolished. In the alternative Mid-South argues that if the backpay was not required to be cut off at the point when Ms. Vaughn's job was abolished, the employer at least ought to have been given credit for the amount Ms. Vaughn would have earned in the lower-paying job if that job had not been abolished.
 
 
 4
 We cannot accept either of Mid-South's arguments. It was the duty of the district court to frame a remedy that would make Ms. Vaughn whole--to place her, as nearly as possible, in the position she would have occupied had she not been wronged. Shore v. Federal Express Corporation, 777 F.2d 1155, 1158-59 (6th Cir.1985). The district court did exactly that, in our view. But for the wrongful act of discrimination on Mid-South's part, the condition of Ms. Vaughn's bank account at the end of the road would have been exactly the same as it will be under the district court's order. There was not abuse of discretion here. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Barbara Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation